IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] FRANKLUIS CARELA DE JESUS,<br>[2] WANER BALBUENA,<br>[3] JUANGRAVIEL RAMIREZ CEDANO,<br>[4] DOMINGO HEUREAU ALTAGRACIA,<br>Defendants. | INDICTMENT<br><br>CRIMINAL NO. 24-174    (ADC)<br><br>CRIMINAL VIOLATIONS:<br>Count 1: 18 U.S.C. § 554<br>Count 2: 16 U.S.C. §§ 3372(a)(1), 3372(a)(4), and 3373(d)(1)(B)<br><br>TWO COUNTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2024 MAY 9 PM 4:01

### INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### Introduction

1. On or about May 3, 2024 defendants **[1] FRANKLUIS CARELA DE JESUS, [2] WANER BALBUENA, [3] JUANGRAVIEL RAMIREZ CEDANO, and [4] DOMINGO HEUREAU ALTAGRACIA** traveled together in a flagless vessel departing from San Juan, Puerto Rico to the Dominican Republic.

2. The purpose of the travel was to smuggle various species of tropical birds to the Dominican Republic for financial gain.

3. When the vessel left Puerto Rico territorial waters and was approximately 30 nautical miles north of Puerto Rico the United States Coast Guard (USCG) approached the vessel,

witnessed the crew throwing objects overboard, stopped the vessel, and boarded the vessel.

4. A number of the objects thrown overboard were successfully recovered by the USCG from the ocean waters and were identified as wood cages containing birds, as reflected below:



5. A total of approximately one hundred thirteen (113) deceased tropical birds were recovered from the ocean in the wood cages jettisoned by defendants **[1] FRANKLUIS CARELA DE JESUS, [2] WANER BALBUENA, [3] JUANGRAVIEL RAMIREZ CEDANO, and [4] DOMINGO HEUREAU ALTAGRACIA** as depicted below:



6. No export declarations were filed by defendants **[1] FRANKLUIS CARELA DE JESUS, [2] WANER BALBUENA, [3] JUANGRAVIEL RAMIREZ CEDANO, and [4] DOMINGO HEUREAU ALTAGRACIA** or anyone else for the exportation of the wildlife on board the vessel.

7. Defendants **[1] FRANKLUIS CARELA DE JESUS, [2] WANER BALBUENA, [3] JUANGRAVIEL RAMIREZ CEDANO, and [4] DOMINGO HEUREAU ALTAGRACIA** did not possess an import or export license issued by the United States Fish & Wildlife Service.

## Legal Framework

8. Pursuant to the Lacey Act, Title 16, United States Code, Section 3371 et seq., it is

unlawful for any person to, or attempt to, export, transport, sell, acquire, or purchase fish or wildlife that had been taken, possessed, transported, or sold in violation of any law or regulation of the United States. 16 U.S.C. § 3372(a)(1).

9. Prior to any exportation of fish or wildlife from the United States, an exporter must file a completed and signed Declaration for Importation or Exportation (Form 3-177) with the United States Fish and Wildlife Service. 50 CFR § 14.63.

## COUNT 1
### (Smuggling Goods from the United States)
### 18 U.S.C. § 554

10. Paragraphs 1 through 9 are hereby re-alleged as if set forth herein.

11. On or about May 3, 2024, in the District of Puerto Rico and elsewhere,

**[1] FRANKLUIS CARELA DE JESUS,
[2] WANER BALBUENA,
[3] JUANGRAVIEL RAMIREZ CEDANO, and
[4] DOMINGO HEUREAU ALTAGRACIA**

defendants herein, did knowingly export and attempt to export merchandise from the United States, specifically various species of tropical birds, contrary to law and regulation of the United States, specifically without declaring said merchandise to officials of the United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.63.

All in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT 2
### (Lacey Act Trafficking)
### 16 U.S.C. §§ 3372(a)(1), 3372(a)(4), and 3373(d)(1)(A)

12. Paragraphs 1 through 9 are hereby re-alleged as if set forth herein.

13. On or about May 3, 2024, in the District of Puerto Rico and elsewhere,

[1] **FRANKLUIS CARELA DE JESUS,**
[2] **WANER BALBUENA,**
[3] **JUANGRAVIEL RAMIREZ CEDANO, and**
[4] **DOMINGO HEUREAU ALTAGRACIA**

defendants herein, did knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase of, and intent to sell and purchase wildlife, that is, various species of tropical birds, with a market value in excess of $350, and did knowingly transport, sell, and attempt to transport and sell said wildlife, knowing that the wildlife had been transported in violation of a law and regulation of the United States, that is, 50 CFR § 14.63.

All in violation of Title 16, United States Code, Sections 3372(a)(1), 3372(a)(4), and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

TRUE BILL

███████████████

FOREPERSON

May 9th, 2024
Date

W. Stephen Muldrow
UNITED STATES ATTORNEY

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud & Public Corruption Section
Environmental Litigation Coordinator